UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: _____

LELA VISNJEVAC, and other similarly )
situated individuals, )
 )
         Plaintiff(s), )
v. )
 )
INTERMIX HOLDCO, LLC, and )
REGENT, L.P., )
 )
         Defendants. )

## CLASS ACTION COMPLAINT

Plaintiff, LELA VISNJEVAC (the "Plaintiff"), on behalf of herself and all others similarly situated, files this complaint against Defendants, INTERMIX HOLDCO, LLC ("Intermix") and REGENT, L.P. ("Regent") (collectively, the "Defendants") and in support thereof states as follows:

### NATURE OF THE ACTION, JURISDICTION & VENUE

1. This is a civil class action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the United States Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et. seq. ("WARN Act"). Defendants are liable under the WARN Act for the failure to provide Plaintiff and other similarly situated former employees at least 60 days advance notice of their employment losses, as required by the WARN Act.

2. This Court has jurisdiction of the claim herein pursuant to 28 U.S.C.A. §§ 1331 and 1343(4). This civil action arises under the laws of the United States.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c), and Section 2104 of the WARN Act, 29 U.S.C. § 2104(a)(5), because Defendant does business in this District and the acts constituting the violation of the above-numbered laws occurred, and the claims arose, in this District.

## **THE PARTIES**

4. Plaintiff is a resident of Miami-Dade County, Florida, where she worked for Defendants. In particular, Plaintiff worked at the Intermix retail store located at 1005 Lincoln Road, Miami Beach, Florida 33139.

5. Defendant, Intermix Holdco, LLC is a Foreign Limited Liability Corporation incorporated in Delaware but authorized to do business as a retail organization that sells and operates business in Miami-Dade County, Florida. At all times relevant, Intermix is and was a business enterprise that employed 100 or more employees, excluding part-time employees; or 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of hours of overtime).

6. Defendant, Regent, L.P., is a Foreign Limited Partnership incorporated in California, which purchased all rights and liabilities of Defendant, Intermix Holdco, LLC on or about sometime on or about December of 2022, and is therefore an owner and operator of Intermix, which sells and operates business around the world, including in Miami-Dade County, Florida.

7. The Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

8. The Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Defendants are joint employers. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

9. Each of the Defendants is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

10. Plaintiff worked for Defendants as a sales associate starting on or about March of 2018.

11. Plaintiff's satisfactory or more than satisfactory work performance allowed her to get promotions, which included a promotion to Sales Lead at the Lincoln Road store in the fall of 2020.

12. On or around November of 2022, Defendants conducted their first massive layoff.

13. Plaintiff came to learn that Defendants were experiencing significant financial hardships. It was around this time that Plaintiff was told that the Lincoln Road store was being transformed into a warehouse pop-up, which resulted in her losing her ability to make commissions, but in exchange Defendants increased Plaintiff's hourly pay on or about December 5, 2022.

14. Plaintiff continued working as Sales Lead during this tumultuous time.

15. Suddenly, and without notice, on or about March 26, 2023, Plaintiff was informed by her Store Manager that she, and everyone in the Lincoln Road store, were being terminated effective immediately, and the store was being closed permanently.

16. Plaintiff discovered through discussions with other employees of Defendants, as well as through multiple social media posts, that Defendants had closed at least seventeen (17) stores nationwide, resulting in the immediate layoff of more than one hundred (100+) employees working at those respective locations. None of these persons, Plaintiff included, received any advanced notice of this mass layoff.

17. Plaintiff performed her duties in a satisfactory manner and was never written up by the Defendants.

18. All conditions precedent to bringing this action have occurred, been performed or been excused.

19. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: VIOLATION OF THE WARN ACT (CLASS ACTION)

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. Plaintiff was employed by Defendants in Miami-Dade County, Florida until she was laid off without any prior notice on or about March 26, 2023. At least 100 or more employees of Defendants were also laid off around those dates.

22. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendants' acts in violation of the WARN Act.

23. Plaintiff may name additional Defendants if discovery reveals other entities that employed Plaintiff on the dates alleged herein that incurred WARN Act liability for the events alleged herein.

24. Defendants' massive layoff qualifies as a plant closing and/or mass layoff under the WARN Act.

25. Upon information and believe, Defendants did not notify its employees about the massive layoff.

26. Plaintiff, and all other similarly situated persons, suffered employment losses by Defendants and did not receive the 60-day notice required by the WARN Act.

27. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1), and (b)(3) and the WARN Act, 29 U.S.C. § 2104(a)(5).

28. <u>Class Definition</u>: Plaintiff brings this action on behalf of herself and all other similarly situated employees. Plaintiff seeks to represent a class initially defined as: "All of Defendants' employees who suffered an employment loss at Defendants' stores from on or about late March of 2023, or within thirty (30) days of that date, without sixty (60) days advance written notice as required by the WARN Act."

29. Plaintiff and class members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act, 29 U.S.C. § 2101(a)(5) and (6).

30. Plaintiff's claims satisfy the numerosity, adequacy, commonality, typicality, predominance, and superiority requirements of a class action.

31. <u>Numerosity and Class Size</u>: The class contains in excess of one hundred members, and joinder is therefore impracticable. Plaintiff believes that discovery may reveal more members belonging to the class. The precise number of class members and their addresses are readily determinable from the books and records of Defendants.

32. <u>Adequacy</u>: Plaintiff is an affected employee who suffered an employment loss by Defendants on or about March 26, 2023, without the notice required by the WARN Act. She is thereby a member of the class. Plaintiff is committed to pursuing this action and has retained counsel with experience prosecuting complex wage and employment, class action litigation. Accordingly, Plaintiff is an adequate representative of the class and has the same interests as all of its members. Plaintiff will fairly and adequately protect the interests of the absent members of the class.

33. <u>Common Questions of Law and Fact</u>: There are questions of fact and law that are common to the class and predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following: a. Whether the provisions of the WARN

Act apply; b. Whether Defendants' employee layoffs on or about March 26, 2023, and within 30 days of that date, constitute a "plant closing" and/or "mass layoff" under the WARN Act; c. Whether Defendants failed to provide the notices required by the WARN Act, 29 U.S.C. § 2102(b); d. Whether Defendants can avail themselves of any of the provisions of the WARN Act permitting lesser periods of notice; e. The appropriate formulae to measure damages under the WARN Act, 29 U.S.C. § 2104(a); and f. The appropriate definitions and formulae to measure payments to potentially offset damages under the WARN Act, 29 U.S.C. § 2104(a)(2).

34. <u>Typicality</u>: Plaintiff's claim is typical of the claims of all members of the class. Plaintiff was laid off on or about the same date as other members of the class. Plaintiff, like members of the class, was not provided with sufficient notice as required by the WARN Act.

35. <u>Nature of the Proposed Notice</u>: Plaintiff proposes that, should the Court certify the class, notice be sent to class members via first class mail and email. The names and contact information of class members are readily determinable from the books and records of Defendants.

36. <u>Rule 23(b) Requirements</u>: The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

37. A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct

for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

38.     Further, class action treatment of this action is authorized and appropriate under the WARN Act, 29 U.S.C. § 2104(a)(5), which clearly provides that a plaintiff seeking to enforce liabilities under the WARN Act may sue either on behalf of his or herself, for other persons similarly situated, or both.

39.     At all times material herein, Plaintiff, and similarly situated persons, have been entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101 et. seq.

40.     Defendants were, and are, subject to the notice and back pay requirements of the federal WARN Act because Defendants are a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) & (B).

41.     The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

42.     Pursuant to the WARN Act, 29 U.S.C. § 2102, and 20 C.F.R. § 639.1 - § 639.10 et seq., Defendants were required to provide at least sixty (60) days prior written notice of the termination, or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

43.     Defendants willfully violated the federal WARN Act by failing to provide the required notice.

44. Defendants failed to pay Plaintiff and other similarly situated employees their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

45. Section 2103 of the federal WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. §§ 2103(1)-(2). None of the WARN Act exemptions apply to Defendants. Accordingly, Plaintiff and class members must receive the notice and back pay required by the WARN Act, 29 U.S.C. §§ 2102, 2104. 28.

46. Plaintiff and all similarly situated employees have been damaged by Defendants' conduct constituting violations of the WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because Defendants have not acted in good faith nor with reasonable grounds to believe their acts and omissions were not a violation of the WARN Act.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

a. Issue an order certifying that the action may be maintained as a class action under Federal Rule of Civil Procedure 23;

b. Order the designation of Lela Visnjevac as the representative of the class, and counsel of record as Class Counsel;

c. Award Plaintiff compensatory damages in an amount equal to at least the amounts provided by the WARN Act, 29 U.S.C. § 2104(a);

d. Award Plaintiff reasonable attorneys' fees, costs, and disbursements as allowed by the WARN Act, 20 U.S.C. § 2104(1)(6); and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request trial by jury of all issues triable by jury pursuant to Fed. R. Civ. P. 38.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury of all issues so triable as of right.

Date: June 30, 2023.

                                                    Respectfully submitted,

**/s/ Max L. Horowitz**
Max L. Horowitz, Esquire
Fla. Bart No.: 118269
Email: max@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*